COPY

1  Laurence D. King (SBN 206423)
   Linda M. Fong (SBN 124232)
2  KAPLAN FOX & KILSHEIMER LLP
   350 Sansome Street, Suite 400
3  San Francisco, CA 94104
   Telephone:  415-772-4700
4  Facsimile:  415-772-4707
   lking@kaplanfox.com
5  lfong@kaplanfox.com

6  [Additional Counsel on Signature Page]

7  Attorneys for Plaintiffs David Wolf and Miguel Almaraz

8

9                 UNITED STATES DISTRICT COURT

10                CENTRAL DISTRICT OF CALIFORNIA

11

12 DAVID WOLF and MIGUEL            CV13-01444-MWF(JCGx)
   ALMARAZ, individually and on behalf of
13 others similarly situated,        CLASS ACTION COMPLAINT

14                        Plaintiffs,   JURY TRIAL DEMANDED

15

16      v.

17 RED BULL GMBH,  a foreign company;
   RED BULL NORTH AMERICA, INC., a
18 California corporation;  and RED BULL
   DISTRIBUTION COMPANY, INC., a
19 Delaware corporation,

20                        Defendants.

21

22

23       DAVID WOLF and MIGUEL ALMARAZ ("Plaintiffs"), by and through their attorneys,

24 on behalf of themselves and all others similarly situated, bring this Class Action Complaint

25 against Defendants RED BULL GMBH, a foreign company; RED BULL NORTH AMERICA,

26 INC., a California corporation, and RED BULL DISTRIBUTION COMPANY, INC., a Delaware

27 corporation (collectively "Defendants") and allege, based upon personal knowledge as to

28 themselves and their own acts, and as to all other matters upon information and belief, as follows:

                              - 1 -                    CLASS ACTION COMPLAINT

## I.   NATURE OF ACTION

1.   Plaintiffs bring this nationwide class action on behalf of a proposed class and subclass more fully defined below, of all similarly situated consumers who purchased Red Bull energy drinks designed, manufactured, marketed, advertised, distributed and/or sold by Defendants, or their predecessors, successors, or subsidiaries.

2.   Defendants manufacture, market, distribute and/or sell their product throughout the United States including California under various brand and product names including, but not limited to, Red Bull® Energy Drink, Red Bull® Sugarfree, Red Bull® Total Zero and Red Bull® Editions (collectively "Red Bull" or the "product").

3.   According to Defendants, Red Bull is the No. 1 selling energy drink, both in the United States and globally, and is available in over 159 countries. In 2011 alone, approximately 4.6 billion cans were sold worldwide, and in the United States 1.65 billion cans were sold.

4.   During the class period, Defendants have made various representations to consumers about the purported superior nature of Red Bull, over simpler and less expensive caffeine only products, such as caffeine tablets or a cup of coffee. To bolster those claims Defendants post "scientific studies" on the Red Bull website which they say "prove" Red Bull's superiority.

5.   However, no competent, credible and reliable scientific evidence exists to support Defendants' claims about the product. The New York Times recently reported that "interviews with researchers and a review of scientific studies show: the energy drink industry is based on a brew of ingredients that, apart from caffeine, have little, if any benefit for consumers."[1] The article continues: "Promoting a message beyond caffeine has enabled the beverage makers to charge premium prices. A 16-ounce energy drink that sells for $2.99 a can contains about the same amount of caffeine as a tablet of No Doz that costs 30 cents."

6.   Defendants' extensive and comprehensive nationwide marketing campaign *via* television commercials, internet websites and postings, promotional events, radio media,

---

[1]   Barry Meier, *Energy Drinks Promised Edge, but Experts Say Proof is Scant*, N.Y. Times, Jan. 1, 2013, at 1.

CLASS ACTION COMPLAINT

1  advertising and packaging, was devised to mislead Plaintiffs and members of the putative class.

2  By disseminating false and misleading information about Red Bull, Plaintiffs and members of the

3  putative class were induced into purchasing, at a premium price, millions of dollars worth of Red

4  Bull.

5      7.      Defendants knew or should have known that there is no greater benefit of ingesting

6  Red Bull than ingesting an equivalent dose of caffeine and have taken no meaningful steps to

7  clarify consumer misconceptions regarding the product.

8      8.      As a result of Defendants' pervasive pattern of deceptive, false and otherwise

9  improper advertising, sales and marketing practices and through other actions and inactions

10 complained of herein, Defendants violated the Consumer Legal Remedies Act, Civil Code

11 §§1750, *et seq.*, and the Unfair Competition Law, Business & Professions Code, §§17200, *et seq.*

12 and were unjustly enriched. To remedy Defendants' illegal conduct, Plaintiffs on behalf of

13 themselves and other similarly situated purchasers seek restitution, monetary damages, equitable

14 relief, declaratory relief and/or disgorgement of profits in connection with Red Bull designed,

15 manufactured, marketed, advertised, distributed and sold by the Defendants, or by their

16 predecessors, successors or subsidiaries.

**II.    PARTIES**

17

**A.    Plaintiffs**

18

19     9.      Plaintiff David Wolf, a resident and citizen of Los Angeles County, California, has

20 purchased and ingested Red Bull manufactured and marketed by Defendants over approximately

21 the last three years.  Had he known of the true character and quality of Red Bull, he would not

22 have purchased (or would have paid less for) the product.

23     10.     Plaintiff Miguel Almaraz, a resident and citizen of Los Angeles County,

24 California, has purchased and ingested Red Bull manufactured and marketed by Defendants over

25 the past several years.  Had he known of the true character and quality of Red Bull, he would not

26 have purchased (or would have paid less for) the product.

27 **B.    Defendant**

28     11.     Defendant Red Bull GmbH, is a company organized and existing under the laws of

- 3 -

Austria, and offers various goods and services, most notably energy drinks, throughout many countries of the world, including the United States, and sponsors numerous sports- and entertainment-related events.

12.    Defendant Red Bull North America, a wholly owned subsidiary of Red Bull GmbH, is a California corporation headquartered in Santa Monica, California. Red Bull GmbH offers its goods and services in the United States through Red Bull North America.

13.    Defendant Red Bull Distribution Company, Inc. ("Red Bull Distribution"), a Delaware corporation, is the largest distributor of Red Bull products in North America. Red Bull Distribution has 32 distribution centers across the country, including Northern and Southern California, and maintains a principal office in Santa Monica, California.

### III.   JURISDICTION AND VENUE

14.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(d)(2) and the Class Action Fairness Act, in that plaintiffs and certain of the defendants in this action are citizens of different states and the amount in controversy exceeds $5,000,000.00 exclusive of interest and costs.

15.    This court has personal jurisdiction over Defendants Red Bull North America and Red Bull Distribution because they are headquartered in this District, and all Defendants conduct substantial business in California, including the marketing, sale and distribution of Red Bull, and have sufficient contacts with California or otherwise intentionally avail themselves of the laws and markets of California, so as to sustain this Court's jurisdiction over Defendants.

16.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, because Defendants maintain headquarters in this District and/or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district. In addition, Defendants do business and/or transact business in this judicial district, and therefore, are subject to personal jurisdiction in this judicial district and reside here for venue purposes.

### IV.   SUBSTANTIVE ALLEGATIONS

17.    Introduced into the United States in 1997, Red Bull is the No. 1 selling energy drink in the United States and globally. Defendants have invested millions of dollars promoting

CLASS ACTION COMPLAINT

1   the Red Bull products and services, including energy drinks in the United States.  In 2011 alone,

2   Defendants spent approximately $386.2 million in marketing expenses in the United States.  The

3   public is exposed to the Red Bull marks, a distinctive design on its cans and promotions, on

4   clothing and other merchandise (*e.g.*, coolers, tents and umbrellas), on television, in print media,

5   on the Internet (including on various social media websites such as Facebook where Red Bull has

6   more than 29 million fans, and YouTube where Red Bull videos have received more than 102.9

7   million views), at sporting and cultural events organized and/or sponsored by Red Bull (*e.g.*, on

8   Formula One race cars and at Red Bull New York soccer games at Red Bull Arena in New York)

9   and through numerous other means.

10         18.        Defendants sell or distribute Red Bull to consumers throughout California and the

11   United States in four varieties: Red Bull Energy Drink, Red Bull Sugarfree, Red Bull Total Zero

12   and Red Bull Editions.  Red Bull Editions are available in multiple flavors including cranberry,

13   blueberry and lime.  Red Bull contains caffeine, taurine, glucuronolactone, a blend of vitamins

14   B6, B12, niacin and pantothenic acid, sucrose, glucose and Alpine spring water.

15         19.        Defendants have made various representations to consumers about the purported

16   superior nature of Red Bull, over simpler and less expensive caffeine only products, such as

17   caffeine tablets or a cup of coffee.  To bolster those claims Defendants cite specific "scientific

18   studies" on the Red Bull website which they say "prove" Red Bull's superiority.   For example,

19   Defendants state:

20         Red Bull Energy Drink is a functional beverage. Thanks to a unique combination
           of high quality ingredients Red Bull Energy Drink vitalizes body and mind.
21         Numerous scientific studies on the product and the individual ingredients prove
           that Red Bull Energy Drink:
22

23         • Increases performance
           • Increases concentration and reaction speed
24         • Improves vigilance
           • Stimulates metabolism
25         • Makes you feel more energetic and thus improves your overall well-being
26

27         Red Bull Energy Drink has been developed for people who want to have a clear
           and focused mind, perform physically, are dynamic and performance-oriented
28         whilst also balancing this with a fun and active lifestyle.  In short, Red Bull gives

                                          - 5 -                    CLASS ACTION COMPLAINT

1    wings to people who want to be mentally and physically active and have a zest for
2    life.[2]

3        20.    In addition, Defendants represent to consumers that the "studies" confirm the
4    Product's superiority:

- "It has been extensively studied that Red Bull increases performance"
- "In various studies it was proven that Red Bull increases concentration and reaction speed"
- There exist "relevant studies about Red Bull improving vigilance"
- "A range of studies have verified that Red Bull stimulates metabolism"
- That Red Bull "Makes you feel more energetic and thus improves your overall well-being" ... "has been validated"

        21.    Defendants also represent to consumers that: "Numerous scientific studies* in the fields of sports medicine and psychology confirm the effects described for Red Bull Energy Drink. All scientific studies were done by independent third parties, are published in peer-reviewed journals and can be found in public databases."[3]

        22.    Although Defendants rely upon "scientific" studies and research which purport to substantiate the product claims, independent researchers and industry experts have found otherwise. In a January 2013 New York Times article titled, "Energy Drinks Promised Edge, but Experts Say Proof is Scant,"[4] the author cites widespread scientific and governmental criticism of manufacturers' assertion that energy drinks provide any more benefit than the average dose of caffeine consumed in a cup of coffee.

        23.    Despite the lack of any reported scientific support for a claim that Red Bull provides more benefit to consumers than a caffeine tablet or cup of coffee, Defendants continue to market the product as a superior source of energy worthy of a premium price.

---

[2]    http://www.redbull.com/cs/Satellite/en_INT/Red-Bull-Energy-Drink/001242937921959
[3]    http://www.redbull.com/cs/Satellite/en_INT/Red-Bull-Energy-Drink/001242937921959?pcs_c=PCS_Product&pcs_cid=1242937842064&pcs_pvt=faqs
[4]    Barry Meier, *Energy Drinks Promised Edge, but Experts say Proof is Scant*, N.Y. Times, Jan. 1, 2013.

CLASS ACTION COMPLAINT

24.     Additionally, even though the Red Bull website asserts that the product's B-group vitamins (niacin, pantothenic acid, and vitamins B6 and B12) "play an important role in energy metabolism, such as the build-up and break-down of carbohydrates, fat and protein," and "support mental and physical performance," a study undertaken at Vanderbilt University[5] (directed at 5-Hour Energy, an energy shot product), sheds light on the true effects and dangers of some of these ingredients:

(a)     Niacin (vitamin B3): A niacin flush can cause liver toxicity, worsening of stomach ulcers and altered blood sugar or insulin levels or uric acid concentrations;

(b)     Vitamin B6: It has yet to be shown that B6 supplementation in healthy people causes enhanced cognitive function;

(c)     Vitamin B12: There is no evidence of the efficacy of vitamin B12 on cognitive function.

25.     The ultimate conclusion, based in part on another scientific study, was that B6, B12 and folic acid supplementation, alone or in combinations, do not provide adequate evidence for a beneficial effect of supplementation on cognitive function testing in people with either normal or impaired cognitive function. This conclusion only serves to highlight the discrepancy between the advertising claims and the actual science and research.

26.     In a 2003 article titled, "Debunking the Effects of Taurine in Red Bull Energy Drink,"[6] the study concluded that the claimed improvement in cognitive capabilities and muscular performance were more plausibly related to caffeine alone rather than the purported unique combination of the key components of caffeine, taurine and glucuronolactone. The report

---

[5]     Megan Rogers, *5-Hour Energy: The Healthy Energy Drink?*, Vanderbilt Univ. Psych. Dept., *available at* http://healthpsych.psy.vanderbilt.edu/2008/5-HourEnergy.htm

[6]     Woojae Kim, *Debunking the Effects of Taurine in Red Bull Energy Drink*, Nutrition Bytes, Department of Biological Chemistry, UCLA, David Geffen School of Medicine, UC Los Angeles, 2003.

CLASS ACTION COMPLAINT

concluded that "it seems that drinking a cold cup of coffee may induce the same 'energizing and refreshing' effects of drinking Red Bull—and best of all, at one-third the cost."

27.    More recently, a study on the cognitive effects of key energy drink ingredients caffeine, taurine and glucose similarly concluded that caffeine content, but not taurine or glucose in energy drinks, drives cognitive improvements in executive control, working memory and psychomotor performance.[7]

28.    Another study reached a similar conclusion after its evaluation of multiple ingredients commonly found in energy drinks such as Red Bull, including taurine, glucuronolactone, glucose, B vitamins, guarana, yerbe mate, carnitine, St. John's wort and ginseng.[8] The study concluded that there is little, if any, solid evidence to support an increase in either physical or mental energy due to consumption of energy drinks except for the increases attributable to caffeine.

29.    Finally, the European Food and Safety Commission undertook a study of taurine and found that no cause and effect relationship has been established between taurine and its contribution to cognitive function, cardiac function and a delay in the onset of physical fatigue.[9]

**The Product and Defendant's Advertising**

30.    Defendants' exhaustive advertising campaign builds on this deception.  In truth, Defendants have no independent, reliable or competent support for their claims.

31.    In a New York Times article,[10] the reporter notes:

---

[7]    Grace Giles and Caroline Mahoney, *et al*, *Differential Cognitive Effects of Energy Drink Ingredients: Caffeine, Taurine, and Glucose*, Pharmacology, Biochemistry, and Behavior 102 (2012) 569-577.
[8]    Tom M. McLellan and Harris R. Lieberman, *Do Energy Drinks Contain Active Components Other Than Caffeine?*, 70 Nutrition Rev. 12, 730-744 (Dec. 2012).
[9]    European Food & Safety Commission Panel on Dietetic Products, Nutrition and Allergies (NDA), *Scientific Opinion on the Substantiation of Health Claims Related to: ...Vitamins, Minerals, Lysine and/or Argeninine and/or Taurine...Pursuant to Article 13(1) of Regulation EC No 1924/2006*, 9 EFSA J. 4: 2083, *1 - *34 (Apr. 8, 2011), http://www.efsa.europa.eu/en/efsajournal/doc/2083.pdf.

CLASS ACTION COMPLAINT

> On its website, the producer of Red Bull ...states that "more than 2,500 reports have been published about taurine and its physiological effects," including acting as a "detoxifying agent." In addition, that company, Red Bull of Austria, points to a 2009 safety study by a European regulatory group that gave it a clean bill of health.
>
> But Red Bull's Web site does not mention reports by the same group, the European Food Safety Authority, which concluded that claims about the benefits in energy drinks lacked scientific support. Based on those findings, the European Commission has refused to approve claims that taurine helps maintain mental function and heart heatlh and reduces muscle fatigue.

32.   Defendants' nationwide advertising campaign for Red Bull has been extensive and comprehensive throughout the Class Period. Defendants have spent millions of dollars conveying to consumers across the United States their persistently deceptive message that Red Bull's "unique combination of high quality ingredients" increases performance, concentration and reaction speed, improves vigilance, stimulates metabolism and makes you feel more energetic, over a caffeine tablet or standard cup of coffee.

33.   Defendants have orchestrated their deceptive Red Bull advertising campaign by using a variety of media, including television, newspapers, radio, media tours, the Internet, email blasts, video news releases, point of sale displays and prominently on the product's packaging. As a result of this pervasive and uniform advertising campaign, Defendants have elevated Red Bull to become one of the top sellers in the energy drink category.

34.   As a result of Defendants' deceptive and misleading messages and omissions about Red Bull, conveyed directly through their marketing and advertising campaigns, Defendants have been able to charge a significant price premium for Red Bull over traditional caffeine products, which has convinced consumers to pay for a purportedly superior product, as their advertising misleadingly conveys.

35.   Defendants' false and misleading representation to consumers claiming Red Bull provides increased performance, concentration and reaction speed, and improved vigilance, and

---

*Footnote continued from previous page*
[10]   *See* fn. 4 above.

stimulates metabolism and makes you feel more energetic, over a caffeine tablet or standard cup

of coffee, and its omissions regarding the product's potential health risks have been—and

continue to be—material to consumers, including Plaintiffs and other members of the putative

class, and Defendants know that its misleading representations are material in nature.

### The False, Misleading and Deceptive Claims

36.     Defendants' claims about Red Bull's effectiveness and superiority with regard to

energy, physical and mental performance, and alertness benefits to consumers over a caffeine

tablet or standard cup of coffee are false, deceptive, unfair and unconscionable because there is

not sufficient, competent and/or reliable scientific evidence and/or substantiation for Red Bull's

effectiveness and superiority claims when the product is used by the consuming public in real

world settings.

37.     There is no competent, credible and reliable scientific evidence that is sufficient in

quality and quantity, based on standards generally acceptable in the relevant scientific fields,

when considered in light of the entire body of relevant and reliable scientific evidence, to

substantiate its claims regarding the superior effectiveness of Red Bull.

38.     Defendants' purported scientific evidence is neither competent nor reliable.

Defendants do not possess any tests, analyses, research, or studies that have been conducted and

evaluated in an objective manner.

### The Health Related Issues

39.     In response to the question "Is Red Bull safe to drink?" on the online FAQ web

page, Defendants reassure consumers that "Red Bull is a safe product and health authorities

around the world have confirmed this.  Red Bull Energy Drink is available in more than 160

CLASS ACTION COMPLAINT

countries and last year alone, more than four billion cans and bottles were consumed across the world. About 30 billion cans have been consumed since Red Bull was created 24 years ago."[11]

40.      However, in the article, "Caffeinated Energy Drinks – A Growing Problem,"[12] the authors note that the main active ingredient in energy drinks including Red Bull is caffeine, although other substances such as taurine, riboflavin, pyridoxine, nicotinadmide, other B vitamins, and various herbal derivatives are also present. "The acute and long-term effects resulting from excessive and chronic consumption of these additives alone and in combination with caffeine are not fully known."[13]

41.      Defendants' national advertising campaign for Red Bull targets children, adolescents and young adults.  The Rudd Center for Food Policy and Obesity, Yale University, says that Red Bull has 20 million followers on Facebook, 223,000 on Twitter and gets 158 million YouTube views monthly.[14]  A study titled, "Health Effects of Energy Drinks on Children, Adolescents and Young Adults"[15] made the following conclusions with respect to the supplements:

(a)      Energy drinks have no therapeutic benefit, and both known and unknown pharmacology of various ingredients, combined with reports of toxicity, suggest that these drinks may put some children at risk for serious adverse health effects;

(b)      Typically, energy drinks contain high levels of caffeine, taurine and guarine, which have stimulant properties and cardiac and hematologic activity, but manufacturers claim that energy drinks are nutritional supplements which shields them from the caffeine limits

---

[11]    http://www.redbullusa.com/cs/Satellite/en_US/red-bull-energy-drink/001242989766321?pcs_c=PCS_Product&pcs_cid=1242989299257&pcs_pvt=faqs

[12]    Chad J. Reissig, *et al.*, *Caffeinated Energy Drinks—A Growing Problem*, 99 Drug & Alcohol Dependence 1-3, 1-10 (Jan. 2009).

[13]    *Id.* at 2.

[14]    http://www.philly.com/philly/health/Energy-Drinks-Are-Targeting-Your-Kids-Behind-Your-Back.html

[15]    Sara Seifert and Judith Schaechter, *et al*, *Health Effects of Energy Drinks on Children, Adolescents and Young Adults*, 127 Pediatrics 3, 511-528 at 522 (Mar. 2011).

CLASS ACTION COMPLAINT

1   imposed on sodas and the safety testing and labeling required of pharmaceuticals;

2          (c)     Other ingredients vary, are understudied, and are not regulated;

3          (d)     Youth-aimed marketing and risk-taking adolescent development tendencies

4          combine to increase overdose potential;

5          (e)     High consumption is suggested by self-report surveys but is under-documented in

6   children (deleterious associations with energy drink consumption have been reported globally in

7   case reports and popular media); and

8          (f)     Interactions between compounds, additive and dose-dependent effects, long-term

9   consequences, and dangers associated with risky behavior in children remain to be determined.

10         42.     As a result of Defendants' deceptive and misleading messages and omissions

11  about Red Bull, conveyed directly through their marketing and advertising campaigns,

12  Defendants have been able to charge a significant price premium for Red Bull over traditional

13  caffeine products, which they have convinced consumers to pay for a purportedly superior

14  product, which may in fact pose serious undisclosed health risks.

### Defendants' Concealment

43.     Defendants were and remain under a duty to Plaintiffs and the putative class to
disclose the facts, as alleged herein.  The duty to disclose the true facts arises because, as
manufacturer, distributor and marketer, Defendants are in a superior position to know the true
character and quality of their products and the true facts are not something that Plaintiffs and
putative class members could, in the exercise of reasonable diligence, have discovered
independently prior to purchasing Red Bull.

44.     The facts concealed and/or not disclosed to Plaintiffs and the class, specifically
that consumers do not receive additional energy, physical/mental performance and alertness
benefits over a caffeine tablet or standard cup of coffee, and the product's potential health risks,
are material facts in that a reasonable person would have considered them important in deciding
whether or not to purchase (or pay the same price for) Red Bull.

45.     Defendants intentionally concealed and/or failed to disclose the shortcomings of Red Bull for the purpose of inducing Plaintiffs and putative class members to act thereon.

46.     Plaintiffs and the putative class members justifiably acted upon, or relied upon to their detriment, the concealed and/or non-disclosed material facts as evidenced by their purchase of Red Bull.  Had they known of the true character and quality of Red Bull, Plaintiffs and the putative class members would not have purchased (or would have paid less for) the product.

47.     As a direct and proximate cause of Defendants' misconduct, Plaintiffs and the putative class members have suffered actual damages.  Defendants' conduct has been and is malicious, wanton and/or reckless and/or shows a reckless indifference to the interests and rights of others.

## V.     CLASS ALLEGATIONS

48.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs bring this class action on behalf of themselves and all members of the following class (the "Class"):

> All persons throughout the United States who purchased Red Bull,
> except for resale, within the applicable statutory limitations period,
> including the period following the filing date of this action.

Additionally, Plaintiffs bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and a subclass of similarly situated individuals, defined as:

> All persons residing in California who purchased Red Bull, except
> for resale, within the applicable statutory limitations period, including the
> period following the filing date of this action (the "California Subclass").

Excluded from the Class and the California Subclass are: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors and any entity in which the Defendants or their parents have a controlling interest and their current or former employees, officers and directors; (3) counsel for Plaintiff and Defendants; and (4) legal representatives, successors or assigns of any such

1    excluded persons.

2        49.    Plaintiffs believe that the Class and California Subclass include thousands of

3    consumers across the United States, though the exact number and the identities of the Class

4    members are currently unknown.

5        50.    The members of the Class and California Subclass are so numerous that joinder of

6    all Class members is impracticable.

7        51.    Common questions of law and fact exist as to all members of the Class and

8    California Subclass and predominate over any questions affecting solely individual members of

9    the Class and California Subclass. Nearly all factual, legal and statutory relief issues raised in

10   this Complaint are common to each of the members of the Class and California Subclass and will

11   apply uniformly to every member of the Class and California Subclass. Among the questions of

12   law and fact common to Class and California Subclass members are:

13       (a)    Whether Defendants engaged in the wrongful conduct alleged herein;

14       (b)    Whether, in its normal and customary use by consumers, Red Bull works as

15   advertised, marketed and conveyed to consumers;

16       (c)    Whether, in the course of business, Defendants represented that Red Bull has

17   characteristics, uses, benefits or qualities that it does not have when used in a customary manner

18   by consumers;

19       (d)    Whether the claims Defendants made and are making regarding Red Bull are

20   unfair or deceptive, specifically, whether Red Bull provides additional energy, mental and

21   physical performance and alertness benefits to consumers over a caffeine tablet or a standard cup

22   of coffee;

23       (e)    Whether Defendants have been unjustly enriched through their acts and/or omissions

24   alleged herein;

25       (f)    Whether the Plaintiffs and Class members that purchased Red Bull suffered

26   monetary damages and, if so, what is the measure of those damages;

27       (g)    Whether Plaintiffs and Class Members are entitled to an injunction, damages,

28

restitution, equitable relief and other relief deemed appropriate and the amount and nature of such relief.

52.     Plaintiffs' claims are typical of the claims of other members of the Class and California Subclass because Plaintiffs and every member of the Class and California Subclass have suffered similar injuries as a result of the same practices alleged herein. Plaintiffs have no interests adverse to the interests of the other members of the Class and California Subclass.

53.     Plaintiffs will fairly and adequately represent and protect the interests of the Class and California Subclass. Plaintiffs have retained able counsel with extensive experience in class action litigation. The interests of Plaintiffs are coincident with, and not antagonistic to, the interests of the other Class and California Subclass members.

54.     The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

55.     Plaintiffs and other members of the Class have suffered damages as a result of Defendants' unlawful and wrongful conduct. Absent a class action, Defendants will retain substantial funds received as a result of their wrongdoing, and such unlawful and improper conduct shall, in large measure, go unremedied. Absent a class action, the members of the Class will not be able to effectively litigate these claims and will suffer further losses, as Defendants will be allowed to continue such conduct with impunity and retain the proceeds of its ill-gotten gains.

56.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all Class members is impracticable. Moreover, because the damages suffered by individual members of the Class are relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. The Class is readily definable, and prosecution of

CLASS ACTION COMPLAINT

1  this action as a class action will eliminate the possibility of repetitious litigation. There will be no

2  difficulty in the management of this action as a class action.

### COUNT I

### CONSUMER LEGAL REMEDIES ACT

**(Violations of Cal. Civil Code § 1750 *et seq.*)**

6      57.    Plaintiffs hereby incorporate each preceding and succeeding paragraph as though

7  fully set forth herein.

8      58.    The Consumers Legal Remedies Act, Civil Code Section 1750 *et seq.* (hereinafter

9  "CLRA") was designed and enacted to protect consumers from unfair and deceptive business

10  practices. To this end, the CLRA sets forth a list of unfair and deceptive acts and practices in

11  Civil Code Section 1770.

12      59.    The CLRA applies to Defendants' actions and conduct described herein because it

13  extends to the sale of goods or services for personal, family or household use.

14      60.    At all relevant times, Plaintiffs and members of the Class were "consumers" as

15  that term is defined in Civil Code Section 1761(d).

16      61.    The transactions from which this action arises include transactions involving the

17  sale or lease of goods or services for personal, family or household purposes within the meaning

18  of Civil Code Section 1761.

19      62.    Defendants' practices in connection with the marketing and sale of Red Bull

20  violate the CLRA in at least the following respects:

21      a.    In violation of Section 1770(a)(5), Defendants knowingly misrepresented the

22  character, uses and benefits of Red Bull;

23      b.    In violation of Section 1770(a)(7), Defendants represented that Red Bull is of a

24  particular standard, quality or grade, which it is not; and

25      c.    In violation of Section 1770(a)(9), Defendants have knowingly advertised Red

26  Bull with the intent not to sell the product as advertised.

27      63.    Defendants represent that Red Bull increases performance, concentration and

28  reaction speed, improves vigilance and provides additional energy or similar words intended to

1   convey to consumers that the consumer was obtaining a product that provides more benefit to

2   consumers than a caffeine tablet or cup of coffee including but limited to the enhancement of

3   physical or cognitive performance. These representations are false and misleading in that there is

4   a lack of any reported scientific support for a claim that Red Bull provides more benefit to

5   consumers than a caffeine tablet or cup of coffee.

6        64.    Defendants' acts and practices, undertaken in transactions intended to result and

7   which did result in the purchase of Red Bull by consumers, violate Civil Code Section 1770 and

8   caused harm to Plaintiffs and Class and California Subclass members who would not have

9   purchased (or paid as much for) Red Bull had they known the truth. The acts and practices

10   engaged in by Defendants that violate the CLRA include inducing Plaintiffs and the Class and

11   California Subclass to purchase (or pay more for) Red Bull than they would otherwise have paid

12   had they known the truth.

13        65.    Plaintiffs were injured by purchasing (or overpaying for) Red Bull.

14        66.    In accordance with Civil Code § 1780(a), Plaintiffs and members of the Class and

15   California Subclass seek injunctive and equitable relief for violations of the CLRA. In addition,

16   after mailing appropriate notice and demand in accordance with Civil Code § 1782(a) & (d),

17   Plaintiffs will subsequently amend this Class Action Complaint to also include a request for

18   damages. Plaintiffs and members of the Class and California Subclass request that this Court

19   enter such orders or judgments as may be necessary to restore to any person in interest any money

20   which may have been acquired by means of such unfair business practices, and for such other

21   relief, including attorneys' fees and costs, as provided in Civil Code § 1780 and the Prayer for

22   Relief.

23   **COUNT II**

24   **UNFAIR COMPETITION LAW**

25   **(Violations of Cal. Bus. & Prof. Code § 17200 *et. seq.*)**

26        67.    Plaintiffs hereby incorporate each preceding and succeeding paragraph as though

27   fully set forth herein.

28

68.     Defendants have engaged in unfair competition within the meaning of California Business & Professions Code Section 17200 *et seq.* because Defendants' conduct is unlawful, misleading and unfair as herein alleged.

69.     Defendants' business practices are unlawful because they violate the CLRA.

70.     Defendants' business practices are misleading because they were likely to deceive consumers into believing that they are obtaining a product that provides more benefit to consumers than a caffeine tablet or cup of coffee including but not limited to the enhancement of physical or cognitive performance.

71.     Defendants' business practices, and each of them, are unfair because they offend established public policy and/or are immoral, unethical, oppressive, unscrupulous and/or substantially injurious to consumers, which harm greatly outweighs any benefit associated with the business practice, in that consumers are led to believe that the product they were paying for had qualities that it did not have.

72.     Plaintiffs have standing to pursue this claim because they have been injured by virtue of suffering a loss of money and/or property as a result of the wrongful conduct alleged herein.  Plaintiffs would not have purchased Red Bull (or paid as much for it) had they known the truth.

73.     Plaintiffs and the Class are entitled to relief, including full restitution and/or restitutionary disgorgement, to the greatest extent permitted by law, which may have been obtained by Defendants as a result of such business acts or practices, and enjoining Defendants to cease and desist from engaging in the practices described herein.

## COUNT III

## UNJUST ENRICHMENT

74.     Plaintiffs hereby incorporate each preceding and succeeding paragraph as though fully set forth herein.

75.     Plaintiffs and Class members conferred a monetary benefit on Defendants by purchasing Red Bull.  Plaintiffs and Class members would have expected remuneration from Defendants at the time this benefit was conferred had they known that the product did not

- 18 -

CLASS ACTION COMPLAINT

1    perform as promised and Defendants' claim that its product is a superior source of energy and

2    other benefits worthy of a premium price is unsupported by competent, credible and reliable

3    scientific evidence to substantiate such claims.

4         76.    As a result of Defendants' deceptive and misleading packaging, advertising,

5    marketing and sale of Red Bull, Defendants were enriched, at the expense of the Plaintiffs and

6    each member of the putative Class, through the payment of the purchase price for Red Bull

7    products.

8         77.    Under the circumstances, it would be against equity and good conscience to permit

9    Defendants to retain the ill-gotten benefits that are received from Plaintiffs and members of the

10   Class in light of the fact that the Red Bull products purchased by Plaintiffs and members of the

11   Class were not as Defendants purport them to be, as alleged above.

12        78.    It would be unjust and inequitable for Defendants to retain the benefit without

13   restitution or disgorgement of monies paid to Defendants for Red Bull products, or such other

14   appropriate equitable remedy as appropriate, to the Plaintiffs and other members of the Class.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiffs, on behalf of themselves and on behalf of the Class and

California Subclass, pray for judgment, as follows:

    A.    For an Order certifying this case as a class action against Defendants and

appointing Plaintiffs as Representatives of the Class;

    B.    For an order of compensatory damages, statutory damages, restitution, and all

other forms of monetary and non-monetary relief recoverable under California law;

    C.    For costs of suit incurred herein;

    D.    For prejudgment interest to the extent allowed by law;

    E.    For penalties as allowed by law;

    F.    For permanent injunctive relief to enjoin further violations of the law; and

    G.    For such other and further relief as this Court may deem just and proper.

1

**JURY TRIAL DEMANDED**

2

Plaintiffs hereby demand a trial by jury on all issues triable of right by jury.

3      DATED: February 27, 2013                KAPLAN FOX & KILSHEIMER LLP

4

5                                              By: _____

6                                              Laurence D. King (SBN 206423)
                                               Linda M. Fong (SBN 124232)
7                                              KAPLAN FOX & KILSHEIMER LLP
                                               350 Sansome Street, Suite 400
8                                              San Francisco, CA 94104
                                               Telephone: (415) 772-4700
9                                              Facsimile:  (415) 772-4707
                                               lking@kaplanfox.com
10                                             lfong@kaplanfox.com

11                                             Justin B. Farar (SBN 211556)
                                               KAPLAN FOX & KILSHEIMER LLP
12                                             11111 Santa Monica Blvd, Suite 620
                                               Los Angeles, CA 90025
13                                             Telephone: (310) 575-8670
                                               Facsimile: (310) 575-8697
14                                             jfarar@kaplanfox.com

15                                             Attorneys for Plaintiffs

16

17

18

19

20

21

22

23

24

25

26

27

28

                              - 20 -                    CLASS ACTION COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Michael Fitzgerald and the assigned discovery Magistrate Judge is Jay C. Gandhi.

The case number on all documents filed with the Court should read as follows:

## CV13- 1444 MWF (JCGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

ORIGINAL

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California ▼

| | |
|---|---|
| David Wolf and Miguel Almaraz, individually and on behalf of others similarly situated, | ) ) ) |
| *Plaintiff(s)* | ) ) ) |
| v. | ) Civil Action No. |
| Red Bull GmbH, a foreign company; Red Bull North America, Inc., a California corporation; and Red Bull Distribution Company, Inc., a Delaware corporation | ) ) ) ) ) |
| *Defendant(s)* | ) ) |

**CV13-01444-MWF (JCGx)**

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Red Bull GmbH
Am Brunnen 1
5330 Fuschl am See
Austria

Red Bull North America, Inc.
Red Bull Distribution Company, Inc.
c/o CT Corporation System
818 West Seventh Street
Los Angeles, CA 90017

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) ·  or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Laurence D. King and Linda M. Fong
Kaplan Fox & Kilsheimer, LLP
350 Sansome Street, Suite 400
San Francisco, CA 94104

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____ 02/27/2013

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00

I declare under penalty of perjury that this information is true.


Date: _____                 _____
                                                                          *Server's signature*

                                                                 _____
                                                                          *Printed name and title*


                                                                 _____
                                                                          *Server's address*

Additional information regarding attempted service, etc:

COPY

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| David Wolf and Miguel Almaraz, individually and on behalf of others similarly situated | Red Bull GmbH, Red Bull North America, Inc. and Red Bull Distribution Company, Inc. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) |
|---|---|
| Laurence D. King and Linda M. Fong, of Kaplan Fox & Kilsheimer, LLP 350 Sansome Street, Suite 400 San Francisco, CA 94104 (415) 772-4700 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☐ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. Sec. 1332(d)(2) and Class Action Fairness Act, violation of consumer protection statutes and unjust enrichment

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☒ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influ-enced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Com-modities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

FOR OFFICE USE ONLY: Case Number: **CV13-01444**

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

CV-71 (02/13)                                    CIVIL COVER SHEET                                    Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a). List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b). List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | Delaware<br>Austria |

(c). List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
NOTE: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____   DATE: February 27, 2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |